# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN HAMRICK,** | ) | **CASE NO.  5:13 CV 650** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **TERRY TIBBALS, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge James R. Knepp III.  (**Doc #: 13** (hereafter, the "R&R").)  Magistrate Judge Knepp recommends that the Court dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* Petitioner Ryan Hamrick.  (**Doc #: 1** (hereafter, the "Petition" or "§2254 Petition").  Hamrick has timely filed Objections to the R&R.  (**Doc #: 15**.)  For the reasons set forth below, the Court overrules Hamrick's Objections and denies his § 2254 Petition.

## I.

On January 24, 2011, a jury convicted Hamrick of one count of murder in violation of Ohio Rev. Code § 2903.02 (A) with a firearm specification under Rev. Code § 2941.145.  The trial court sentenced him to an aggregate term of eighteen years to life in prison.  Hamrick appealed his conviction by filing a timely notice of appeal to the Fifth District Court of Appeals for Stark County, Ohio ("Fifth District Court of Appeals").  On March 5, 2012, the Fifth District Court of Appeals affirmed Hamrick's conviction, and on September 20, 2012, Hamrick filed *pro se* an untimely notice of direct appeal in the Ohio Supreme Court and a motion for leave to file a

delayed appeal. On November 7, 2012, the Ohio Supreme Court denied Hamrick's leave to appeal and dismissed the case. Then, on February 13, 2013, Hamrick filed *pro se* an untimely application in the Fifth District Court of Appeals to reopen his direct appeal pursuant to Ohio App. R. 26(B) alleging that his appellate counsel had been constitutionally ineffective. The Fifth District Court of Appeals denied Hamrick's application to reopen and, on appeal to the Ohio Supreme Court, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

On March 18, 2013, Hamrick filed *pro se* the instant § 2254 Petition in which he raises the following five grounds for relief:

> **GROUND ONE**: The trial court plainly erred when it overruled the petitioner's request to instruct the jury on the law of defense of another, which is law applicable to the case made before the jury and resulted in the denial of his substantial constitutional rights.

> **GROUND TWO**: The trial court plainly erred when it denied the petitioner's request to instruct the jury on the lesser offense of voluntary manslaughter.

> **GROUND THREE**: The petitioner is denied his constitutional right to have his guilt proven beyond a reasonable doubt and his right to a fair trial when the jury verdicts are unsupported by sufficient evidence.

> **GROUND FOUR:** The trial court plainly erred and/or abused its discretion to the prejudice of the petitioner, in disqualifying Daniel Clevenger as an expert witness on deadly force issues which denied the petitioner his constitutional right to a fair trial.

> **GROUND FIVE**: The petitioner was denied his constitutional right to effective assistance of trial counsel and to a fair trial when trial counsel failed to consult with the potential expert to ensure he was completely prepared for the trial court's hearing.

Hamrick initially raised grounds one through three on direct appeal, and he raised grounds four and five in his 26(B) application to reopen his direct appeal.

In the R&R, Magistrate Judge Knepp recommends dismissing Hamrick's 2254 Petition

-2-

as barred by procedural default.  In arriving at this decision, Magistrate Judge Knepp noted that "[r]easons of federalism and comity generally bar federal habeas corpus review of 'contentions of federal law ... not resolved on the merits in the state proceeding due to [the] failure to raise them as required by state procedure."  (Doc. # 13 at 8) (quoting *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)).  Then, Magsitrate Judge Knepp concluded that two state procedural rules prevent the Court from reaching the merits of Hamrick's 2254 petition:

> Here, the applicable state rules are Ohio S.Ct.Prac.R. 7.01(A)(1)(a) and App. R. 26(B)(1).  Relevant to grounds one through three, an appeal to the Ohio Supreme Court from a state appeals court judgment, to be considered timely, must be filed within 45 days of the appeals court judgment. Ohio S.Ct. Prac. R. 7.01(A)(1)(a). Regarding grounds four and five, Ohio App. R. 26(B)(1) requires an application to reopen be filed within 90 days of state appellate judgment.
>
> Petitioner failed to comply with each rule. Indeed, Petitioner's 45-day window for direct appeal began running after the March 19, 2012, *nunc pro tunc* entry, but he did not file for delayed direct appeal until September 20, 2012, a period of 185 days. (Ex. 21, Doc. 10). The 90- day window for Petitioner's application to reopen also began on March 19, 2012, but Petitioner did not file that motion until February 13, 2013, a period of 331 days. (Ex. 24, Doc. 10). Both motions were far outside the 45 and 90 day respective requirements.

(Doc. # 13 at 9).

After determining that Hamrick's 2254 Petition is procedurally defaulted, Magistrate Judge Knepp considered whether Hamrick should be excused for failing to comply with the applicable state procedural rules.  Federal courts can excuse a petitioner's failure to comply with state procedural rules if the petitioner can show cause for not following the procedural rule. *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2010) (citing *Maupin v. Smith,* 785 F.2d 135, 138 6th Cir. 1986).   Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliacnce with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray c. Carrier,* 477 US

-3-

478, 494-95 (1986).  In his Traverse, Hamrick argued that substantial denial of access to the law library demonstrates cause as to why his appeals were untimely.  Specifically, Hamrick argued that he had problems gaining access to the law library due to a new prison tier system which separated rule abiding inmates from those who did not follow prison regulations.  In support, he produced  prison logs detailing all inmate requests to use the library during the disputed time period and library logs detailing hours the library was closed.  After reviewing the logs, Magistrate Judge Knepp concluded that the documents that Hamrick produced discredit his claim that Mansfield Correctional's new tier system prevented him from using the prison's law library.

In his Objections, Hamrick reiterates his argument that substantial denial of access to the law library demonstrates cause as to why his appeals were untimely, and states that "the law library access here at Mansfield Correctional is not as easy as the Report and Recommendation makes it seem."  (Doc. # 15 at 2).[1]  Even if Hamrick is correct in claiming that the prison's tier system made it difficult to access the law library, this is not a sufficient basis to establish "cause" for failing to comply with a state procedural rule.  *See Bonilla,,* 370 F.3d at 498 ("The fact that Bonilla's time in the prison law library was limited to four hours per week was insufficient to establish cause to excuse his procedural default.").  Furthermore, in his Objections, Hamrick admits that he stopped requesting a library pass and, with respect to his 26(B) application, he waited almost a year to file an appeal and therefore cannot be said to have been diligently

---

[1]In his Objections, Hamrick also complains that Magistrate Judge Knepp failed to address his contention that mail room under-staffing resulted in his not receiving the Court of Appeals' March 19, 2012 decision affirming his conviction until April 10, 2012.  However, even if the Court were to use April 10, 2012 as the day that the 45-day window for filing a direct appeal began to run, Hamrick's appeal would be untimely.  As noted above, Hamrick filed his appeal on September 20, 2012, well beyond 45 days from April 10, 2012.

pursuing his claims.  *See Doliboa v. Warden U.S. Penitentiary Terre Haute,* 503 Fed. Appx. 358, 360 (6th Cir. 2012) (rejecting petitioner's argument that there was "cause" for his procedural default where there were no facts on the record that the petitioner diligently pursued his claims before the Ohio Supreme Court.)

Finally, in his Objections, Hamrick argues that his appellate counsel is responsible for his failure to timely file his 26(B) application. Specifically, Hamrick argues that his appellate counsel failed to provide him with his "case file and other records" within the 90-day deadline. Doc. # 15 at 4.  This argument is also not supported by the law. "Ineffective assistance of counsel may constitute cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel."  *See Wilson v. Hurley,* 382 Fed. Appx. 471, 478 (6th Cir. 2010).  There is no right to counsel at the Rule 26(B) stage and therefore a counsel's performance, or lack thereof, as it relates to a petitioner's Rule 26(B) motion, cannot constitute cause for procedural default.  *Id.*

**II.**

Based on the foregoing, the Court **OVERRULES** Hamrick's objections **(Doc #: 15)**, **ADOPTS** the Magistrate Judge's R&R to the extent it is consistent with this opinion **(Doc #: 13)**, and **DENIES** the § 2254 Petition **(Doc #: 1)**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     December 19, 2014*
**Dan Aaron Polster**
**United States District Judge**